IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANDLE C. DANIELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00416-P |
| | § | |
| REGIONS BANK, d/b/a | § | |
| REGIONS MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Regions Bank, d/b/a/ Regions Mortgage's (Regions) Motion for Summary Judgment (ECF No. 26), filed February 18, 2020; Plaintiff Randle C. Daniels's Response (ECF No. 29); and Regions's Reply (ECF No. 31). Having considered the Motion, briefing, and the applicable law, the Court finds that Regions's Motion for Summary Judgment should be and is hereby **GRANTED**.

## BACKGROUND[1]

On May 9, 2008, Ms. Johnnie N. Daniels signed and Texas Home Equity Note ("Note") and obtained a loan in the amount of $315,000 payable to Western Mortgage Co., a Texas Corporation. Pl.'s First Amended Complaint ("FAC") at Ex. A, ECF No. 15. Also on May 9, 2008, Johnnie and Plaintiff (her son) executed a Texas Home Equity Security Instrument ("Security Instrument" or "Deed of Trust") granting a lien on certain property,

---

[1] Other than a short declaration from Plaintiff's counsel proving up a December 26, 2019 Notice of Rescission (ECF 29 at 5–7), Plaintiff attaches no written testimony or documentary evidence to his Response to rebut Regions's statement of facts.

which is commonly known as 4630 Collinwood Avenue, Fort Worth, Texas 76107 ("Property"), and more particularly described as follows:

> Being Lots 21, 22, and 23 in Block 41, Chamberlin Arlington Heights, First Filing, an Addition to the City of Fort Worth, Tarrant County, Texas, According to the Map Thereof Recorded in Volume 63, Page 21, Map Records, Tarrant County, Texas.

*See id.* at ¶ 2.2. The Security Instrument identifies both Plaintiff and Johnnie as "Borrower[s]." *Id.* at ¶ 2.7.

Johnnie died on April 14, 2010, and Plaintiff claimed to be the sole owner of the Property. *Id.* at ¶ 2.5. However, Troy Lee Daniels disputes this claim and contends that Johnnie's one-half interest is part of her probate estate. *Id.*

Plaintiff acknowledges that the Note has been in continuous default since 2012. *Id.* at ¶ 2.15. Regions sets forth a notice of default dated April 5, 2012 that was sent to Plaintiff and Johnnie. Regions's MSJ App'x at Ex. 1-A, ECF No. 26-1. Regions sets forth a second notice of default dated August 31, 2015 that was sent to Johnnie and Troy Lee Daniels as the Executor for Johnnie's Estate. *Id.* at Ex. 3-B.

On March 14, 2017, Regions filed an Application for Expedited Order pursuant to Texas Rule of Civil Procedure 736 ("736 Application"). FAC at ¶ 2.12; TEX. R. CIV. P. 736.1. Regions named Plaintiff and Troy Lee Daniels as Independent Executor of the Estate of Johnnie N. Daniels, Deceased, as respondents. *Id.* On or about February 21, 2019, the judge of the Tarrant County Probate Court No. 2 signed an Order granting the 736 Application and authorizing Regions to proceed with foreclosure. Regions's MSJ App'x at Ex. 2.

Plaintiff filed an original petition against Regions in Texas state court, alleging claims for breach of contract, suit to quiet title, violations of the Texas Debt Collection Practices Act ("TDCPA"), and violations of the Deceptive Trade Practices Act ("DTPA"). ECF No. 1-1. Plaintiff also sought a declaratory judgment. *Id.* The original petition automatically stayed any pending foreclosure under the February 21, 2019 order. *Id.* at ¶ 3.14; TEX. R. CIV. P. 736.11(a). Plaintiff contended that Regions failed to provide him with notices of default and intent to accelerate, of acceleration, and of trustee's sale, as required by the Deed of Trust and Texas Property Code. *Id.* Regions timely removed the case to this Court (ECF No. 1) and shortly thereafter filed a Rule 12(b)(6) Motion to Dismiss. *See* ECF No. 6. The Court granted the Motion to Dismiss, but granted Plaintiff leave to replead. *See* Memorandum Opinion & Order, ECF No. 12. Plaintiff filed a First Amended Complaint, alleging breach of contract, and (alternatively) violations of the TDCPA and DTPA.[2] FAC, ECF No. 15. Plaintiff also sought a declaratory judgment, injunctive relief, and recovery of his attorney's fees. *Id.*

On February 18, 2020, Regions filed a Motion for Summary Judgment, challenging each of Plaintiff's causes of action. ECF No. 26. In response, Plaintiff did not set forth substantive evidence or argument to support his causes of action but instead asserted that Regions had sent a Notice of Abandonment of Acceleration on December 26, 2019, which had effectively restored the note to its original condition. Resp. at 3, ECF No. 29. According to Plaintiff, the Notice of Abandonment of Acceleration had rendered his claims

---

[2]Plaintiff noted that in light of the Court's Memorandum Opinion & Order, his inclusion of the DTPA claim was for the purpose of preserving error. *See* FAC at 9, n.1.

moot, so he sought dismissal of the case under Rule 12(b)(1). *Id.* Regions filed a Reply and asserted that Plaintiff's failure to substantively respond to the Motion for Summary Judgment amounted to a waiver of Plaintiff's claims. Reply at 2, ECF No. 31. Regions also argued that the case is not moot because it is reasonable to expect that the same issues will arise in the future. *Id.* at 3–4. The Motion for Summary Judgment is now ripe for review.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the nonmovant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed

4

allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## ANALYSIS

### A. Plaintiff's claims are not moot

Regions's Motion for Summary Judgment substantively challenges each of Plaintiff's causes of action. MSJ at ¶¶ 5–18. In his Response, Plaintiff did not address the merits of Regions's Motion or otherwise defend against the Motion for Summary Judgment. *See* Resp. Instead, Plaintiff asserts that this case has become moot because Regions mailed a Notice of Rescission or Waiver of Acceleration of Note to Plaintiff, and the Fifth Circuit has held that abandonment restores the Note to its original condition such that all new notices of default, intent to accelerate, acceleration, and trustee's sale must be sent. *See* Resp. at 3; *Wilmington Trust, N.A. v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018). In its Reply, Regions asserts that Plaintiff's failure to substantively respond and brief his claims result in a waiver, making summary judgment appropriate. Reply at 3. Regions also contends that the case is not moot because these same issues will arise once new foreclosure notices are sent. *Id.* The Court agrees with Regions that Plaintiff's claims are not moot.

Article III of the United States Constitution requires the existence of a case or controversy in order to support federal jurisdiction. U.S. Const., Art. III § 2, cl. 1. The mootness doctrine requires that the controversy posed by a complaint be present "throughout the litigation process." *Carr v. Alta Verde Industries, Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991). Thus, "[e]vents both before and after the filing of a claim may render

5

a claimant's case moot." *Baccus v. Parrish*, 45 F.3d 958, 961 (5th Cir. 1995); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 66 (1987) (explaining that the mootness doctrine "prevent[s] the maintenance of suit when there is no reasonable expectation that the wrong will be repeated") (citations and quotation marks omitted); *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (stating that "mootness, frequently a matter beyond the control of the parties, may not occur until after substantial time and energy have been expended looking toward the resolution of a dispute that plaintiffs were entitled to bring in a federal court"). If the parties do not have a legally cognizable interest in the outcome of the case, then it has become moot. *See Department of Justice v. Federal Labor Relations Authority*, 991 F.2d 285 (5th Cir. 1993).

Regardless of whether Regions has voluntarily ceased the challenge conduct by sending the Notice of Abandonment and thus restored the Note to its original condition, *see Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015), the case has not become moot because Plaintiff has not demonstrated that it is "absolutely clear" that the alleged wrongful behavior could not reasonably be expected to recur. *Carr*, 931 F.2d at 1062. Indeed, given that the Loan has been in default since 2012, it is likely that Regions will re-notice the notice of default and intent to accelerate, notice of acceleration, and notice of trustee's sale and reinstitute the foreclosure process. *See* Reply at 4. Accordingly, the Court concludes that Plaintiff, as the party seeking dismissal on mootness grounds, has failed to carry the heavy burden of demonstrating that it is absolutely clear that the allegedly wrongful behavior by Regions is not reasonably expected to recur.

Plaintiff's request for dismissal on the ground of mootness is **DENIED.**

**B.     Plaintiff's failure to substantively respond to properly challenged claims amounts to a waiver of those claims, but even absent waiver Regions is still entitled to dismissal of Plaintiff's claims.**

The Court agrees with Regions that Plaintiff's failure to substantively respond to the Motion for Summary Judgment is a waiver or abandonment of all of Plaintiff's challenged claims. *See Muniz v. El Paso Marriott*, 773 F. Supp. 2d 674, 683 (W.D. Tex. 2011) ("Plaintiff has submitted no evidence to support these two claims. In addition, Plaintiff failed to address these claims in her response to Defendant's Motion. As such, the Court finds Plaintiff has waived the two claims."), *aff'd sub nom. Muniz v. Columbia Sussex Corp.*, 477 F. App'x 189 (5th Cir. 2012); *Lopez v. River Oaks Imaging & Diagnostic Grp., Inc.*, 542 F. Supp. 2d 653, 659 (S.D. Tex. 2008) ("The Fifth Circuit consistently holds that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court.") (internal citations omitted).

However, even if not waived, Regions is still entitled to dismissal of Plaintiff's claims. As set forth in the Court's Memorandum Opinion & Order, Plaintiff failed to state a claim in his original petition. ECF No. 12. While the Court granted Plaintiff leave to replead (*see* Memorandum Opinion & Order) and while Plaintiff did file a First Amended Complaint, Plaintiff did not provide new factual allegations, theories of recovery, or changes in applicable law such that Plaintiff could avoid dismissal. *See Ashe v. Corely*, 992 F.2d 540, 544 (5th Cir. 1993) (affirming order granting motion for summary judgment based on the failure to properly plead claims when district court concludes that "accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim").

7

Regarding Plaintiff's breach-of-contract claim, his First Amended Complaint concedes that the notice of default and intent to accelerate were sent to the "Estate of Johnnie N. Daniels" and "Troy Lee Daniels-Independent Executor" for the Estate of Johnnie N. Daniels. FAC at ¶ 2.14. As the Court noted in its Memorandum Opinion & Order, the Fifth Circuit has previously concluded that the notice provision of the Security Instrument permits proper notice when provided to "any one Borrower." *Wilmington Tr., National Association v. Blizzard*, F. App'x 214, 216–18 (5th Cir. 2017). Thus, Plaintiff's breach-of-contract claim fails.

Regarding Plaintiff's TDCPA claim (FAC at ¶ 4.0), his alleged violations of Sections 392.304(a)(8)[3] and 392.304(a)(19)[4] are both premised on the theory that Plaintiff was entitled to notices of default, acceleration, and sale. FAC at ¶¶ 4.3, 4.4. Because the Court concluded that the Security Instrument permitted notice to any one Borrower as satisfying Regions's notice obligations, Plaintiff's alternative claim for TDCPA violations based on the same theory fails. *See Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361–62 (5th Cir. 2014) (affirming summary judgment on TDCPA claim based on failure to provide notice to a party to the deed of trust but not the note because the borrower

---

[3]This section prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation" that misrepresents "the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8).

[4]This section prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392. 304(a)(19).

on the note was undisputedly provided notice and neither the deed of trust nor property code required such notice to a party to the deed of trust only).

Regarding Plaintiff's DTPA tie-in claim, it fails because Plaintiff's TDCPA claim fails and because Plaintiff did not set forth evidence that he is a consumer. *See Tolliver v. Bank of New York Mellon as Tr. for Certificate Holders of CWABS Inc., Asset Backed Certificates, Series 2007-3*, No. 4:18-CV-00977-O-BP, 2019 WL 3937341, at *13 (N.D. Tex. Aug. 5, 2019) ("Because Tolliver has failed to state a claim under the TDCA, his DTPA tie-in claim also fails as a matter of law."); *Smith v. JPMorgan Chase Bank, Nat. Ass'n*, No. 3:14-CV-2402-M-BN, 2014 WL 6790749, at *13 (N.D. Tex. Dec. 2, 2014); *Nelson v. Wells Fargo Home Mortg.*, No. 3:10-CV-1771-O BF, 2012 WL 6928579, at *6 (N.D. Tex. Nov. 5, 2012), *report and recommendation adopted*, No. 3:10-CV-1771-O, 2013 WL 271537 (N.D. Tex. Jan. 22, 2013) (O'Connor, J.).

Finally, because all of Plaintiff's underlying claims fail, his request for declaratory judgment likewise fails. *Tolliver*, 2019 WL 3937341, at *17.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 26), should be and is hereby in all things **GRANTED.** Accordingly, Plaintiff's claims are **DISMISSED with prejudice.**

**SO ORDERED** on this **4th day** of **May, 2020**.